UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENEL SHANNONE BYRD,

                Plaintiff,

          -against-

DEPARTMENT OF SOCIAL SERVICES, et al.,

                Defendants.

1:26-CV-3112 (LTS)

ORDER DIRECTING SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jenel Shannone Byrd brings this action *pro se*. The *in forma pauperis* ("IFP") application that Plaintiff submitted is unsigned. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

Plaintiff is directed to sign and submit the attached signature page within 30 days of the date of this order. The signed document must be labeled with docket number 1:26-CV-3112 (LTS).

If Plaintiff mails the signature page to the court, or files it in person, she must comply with Rule 11(a) by signing the document.

If Plaintiff submits the document by email, to ProSe@nysd.uscourts.gov, she may use a digital signature or a typed name with /s/ ("/s/Jenel Shannone Byrd") on the signature line. *See* Local Civil Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in one of the following ways: (a) by signing the document and then scanning it; (b) by using a digital signature; or (c) by typing: "/s/ [Party's Name].").

No summons or answer shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If she fails to comply with this order within the time allowed, this action will be dismissed without prejudice.

Even though Plaintiff has consented to electronic service of court documents (ECF 4), the Court directs the Clerk of Court to mail a copy of this order and its attachment to Plaintiff at her mailing address. This is because Plaintiff has filed a motion seeking, in part, the sealing of this action. (ECF 5.) As a result of that filing, the Court has directed the Clerk of Court to restrict electronic access to this action's docket pending a ruling on that request. Thus, Plaintiff will not have electronic access to this order while electronic access to this action's docket is restricted.

The Court advises Plaintiff that the Court will take no action on any request for emergency relief in that same motion (*see id.*) until she either pays the $405.00 in fees required to file a civil action in this court or the Court grants her IFP application. The Court cannot and will not consider Plaintiff's IFP application until Plaintiff submits a signed IFP application, in compliance with this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    April 20, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

2